IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS TORRES and YOVANI TORRES, on behalf of themselves and all other similarly situated persons, known and unknown,<br>Plaintiffs<br>v.<br>PALLETS 4 LESS INC., and ALFREDO ALVARADO, individually,<br>Defendants | Jury Demanded on all claims |

## COMPLAINT

NOW COMES, Jose Luis Torres and Yovani Torres, on behalf of themselves all other similarly situated persons, known and unknown ("Plaintiffs"), through Counsel, and for this Complaint against Pallets 4 Less, Inc. and Alfredo Alvarado, individually, ("Defendants"), states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees earned minimum wage and overtime wages for hours worked in excess of forty (40) hours in a workweek. Plaintiffs also seek redress under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to compensate them for all time worked and wages earned.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiffs and other similarly situated employees their earned and living wages.

4. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES
### Plaintiffs

7. Plaintiffs reside in, are domiciled in, and were employed by Defendants in this judicial district.

8. During the course of their employment, Plaintiffs handled goods that moved or that were intended to move in interstate commerce and were "employees" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

### Defendants

9. Defendant Pallets 4 Less, Inc. is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Defendant Pallets 4 Less, Inc. has at least two (2) or more employees who may have handled goods which have moved in interstate commerce.

11. Defendant Pallets 4 Less, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

12. Defendant Alfredo Alvarado is the owner of Next Construction, Inc. and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Alfredo Alvarado was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

14. Upon information and belief, Defendant Alfredo Alvarado resides and is domiciled in this judicial district.

## FACTS

15. Plaintiff Jose Luis Torres works for Defendants since July 12, 2013 at the address commonly known as 7724 South Claremont Avenue, Chicago, Illinois.

16. Plaintiff Yovani Torres works for Defendants since May 1st, 2013 at the address commonly known as 7724 South Claremont Avenue, Chicago, Illinois.

17. Plaintiffs work as general laborers for Pallets 4 Less, Inc.

18. Plaintiffs work six (6) days per week during hours set by Defendants.

19. Plaintiffs worked approximately sixty-two (62) hours per week.

20. ffDefendants paid Plaintiffs by personal checks.

21. Plaintiffs' wages are not based on the number of jobs performed or completed, nor is it based on the quality or efficiency of their performance.

22. Defendants do not keep proper records of hours Plaintiffs worked.

23. Neither Plaintiffs nor the class members are exempt from the overtime provisions of the FLSA and the IMWL.

24. Defendants failed to pay Plaintiffs or the class members a rate not less than one and a half (1.5) times their regular hourly rate at which they were employed when they worked over forty (40) hours in a given workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

25. Plaintiffs bring Counts I and II of this Complaint as a collective action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(c).

26. Plaintiffs will seek to certify, as a class action pursuant to Fed. R. Civ. P. Rule 23, the state law claims for Illinois-mandated minimum wages and overtime wages arising under the IMWL and for earned wages arising under the IWPCA. Plaintiffs will ask this Honorable Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the Class.

27. Plaintiffs bring Count III, IV, and V of this Complaint as a class action pursuant to Fed. R. Civ. P. Rule 23 because:

    A. The class of current and former employees of Defendants that Plaintiffs seek to represent is so numerous that joinder of all class members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants employed more individuals in Illinois during the IMWL and the IWPCA Class Periods.

    B. The class representatives and the class members have been equally affected by Defendants' failure to pay wages, minimum wages and overtime wages.

C. Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation, whether:

  i. Defendants failed to pay Plaintiffs and the Class the Illinois-mandated minimum wage for all time worked in individual work weeks during the IMWL Class Period;

  ii. Defendants failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

  iii. Defendants failed to pay Plaintiffs and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period.

E. The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendants. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

F. The Defendants' books and records are material to Plaintiffs' action because they may disclose certain information about the hours worked by each employee and the rate of pay for that work.

G. Defendants violated the IMWL and the FLSA by refusing to compensate Plaintiffs and the members of the class in a manner consistent with the minimum wage and overtime provisions of these laws.

H. Defendants violated the IWPCA by refusing to compensate Plaintiffs and the members of the class earned wages for all time worked.

28. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

### COUNT I: VIOLATION OF THE FLSA
#### Minimum Wages

29. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

30. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees unless exempt.

31. Plaintiffs are not exempt from the minimum wage provisions of the FLSA.

32. Defendants did not pay Plaintiffs and the other similarly situated persons at least the minimum wage for certain hours worked.

33. Defendants' failure to pay proper wages to Plaintiffs and the other similarly situated persons violated the FLSA.

34. Defendants failed to comply with the predicate requirements under the FLSA by failing to inform Plaintiffs and other similarly situated persons of their right to receive the minimum wage.

35. Defendants' failure to comply with the terms of the minimum wage disclosure requirements and Defendants' failure to pay minimum wage was a willful violation of the FLSA.

36. Defendants violated the FLSA by refusing to compensate Plaintiffs and the other similarly situated persons consistent with the minimum wages provisions of the FLSA.

37. Plaintiffs and other similarly situated persons are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the other similarly situated persons request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs and similarly situated employees of Defendants;

C. Award liquidated damages in an amount equal to unpaid minimum wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE FLSA
### Overtime Wages

38. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

39. Plaintiffs and the other similarly situated persons were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

40. Defendants did not compensate Plaintiffs and other similarly situated persons at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

42. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the other similarly situated persons respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
**Minimum Wages**

43. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

44. This count arises from Defendants' violation of the IMWL, by failing to pay Plaintiffs, and the class of employees represented, the Illinois-mandated minimum wages for all hours worked in individual work weeks.

45. Plaintiffs were directed to work by Defendants and, in fact, did work but were not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

46. Plaintiffs and the class of employees were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

47. Defendants did not pay Plaintiffs and the class of employees the Illinois-mandated minimum wage for all hours worked in individual work weeks.

48. Defendants' failure to pay Plaintiffs and the class of employees the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

49. Pursuant to 820 ILCS 105/12(a), Plaintiff and the class of employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

50. The Class that Plaintiffs seeks to represent in regards to their IMWL claim against Defendants is composed of and defined as all persons who have been employed by Defendants since June 2011 and not properly compensated their Illinois minimum wages during that period.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action under Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of all minimum wages due to Plaintiffs and the Class as provided by the IMWL;

C. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Enjoin Defendants from violating the IMWL;

F. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

## **COUNT IV: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**
**Overtime Wages**

51. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

52. This Count arises from Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

53. Defendants directed Plaintiffs to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

54. The class of employees was likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

55. Plaintiffs and the class of employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

56. Defendants did not pay Plaintiffs, and the class of employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

57. Defendants violated the IMWL by failing to pay Plaintiffs, and the class of employees, overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

58. Pursuant to 820 ILCS 105/12(a), Plaintiffs and the class of employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

59. The Class that Plaintiff seeks to represent is regards to their IMWL claim against Defendants is composed of and defined as all persons who have been employed by Defendants since June 2011 and not properly compensated their overtime wages during that period.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of overtime wages due to Plaintiffs and the Class as provided by the IMWL;

C. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Enjoin Defendants from violating the IMWL;

F. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: ILLINOIS WAGE PAYMENT AND COLLECTION ACT VIOLATION

60. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

61. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiffs all wages earned during all time worked for Defendants at the rate agreed to by the parties.

62. During the course of employment with Defendants, Plaintiffs had an agreement with the Defendants, within the meaning of the IWPCA, to be compensated for all hours worked at the rate agreed to by the parties.

63. Defendants did not pay Plaintiffs and the class of employees for all hours worked at the rates agreed to by the parties.

64. Plaintiffs were entitled to be compensated for all time worked as agreed between the Plaintiffs and the Defendants.

65. Plaintiffs and the class of employees are entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

66. Defendants' failure to pay Plaintiffs for all time worked violated the IWPCA.

67. The Class that Plaintiffs seek to represent in regard to the IWPCA claims against Defendants is composed of and defined as all persons who have been employed by Defendants since June 2004 and not properly compensated for all their earned wages at the rate agreed to by the parties.

WHEREFORE, Plaintiffs and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23;

B. Enter a judgment in the amount of all unpaid wages due to Plaintiffs and the Class as provided by the IWPCA;

C. Award Statutory damages as provided for by the IWPCA;

D. Declare that Defendants have violated the IWPCA;

E. Enjoin Defendants from violating the IWPCA;

F. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| s/Raisa Alicea<br>Raisa Alicea, Esq.<br>One of the Attorneys for Plaintiffs | **CONSUMER LAW GROUP**, **LLC**<br>6232 N. Pulaski, Suite 200<br>Chicago, IL 60646<br>PHONE: 312-878-1302<br>FAX: 888-270-8983<br>E-MAIL: ralicea@yourclg.com |