IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS TORRES and YOVANI TORRES, on behalf of themselves and all other similarly situated persons, known and unknown,<br>Plaintiffs<br>v.<br>PALLETS 4 LESS INC., and ALFREDO ALVARADO, individually,<br>Defendants | Case No. 1:14-cv-04219<br><br>Hon. Judge Sara L. Ellis<br><br>Magistrate Judge Sheila M. Finnegan |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Jose Luis Torres and Yovani Torres, by and through their attorneys, respond to Defendants' Motion to Dismiss, and state as follows:

**I.     INTRODUCTION**

Defendants' Rule 12(b)(1) and 12(b)(6) motion to dismiss, claiming that Defendant Pallets 4 Less, Inc. is not an "enterprise" under the FLSA and that Plaintiffs were not individually engaged in commerce, does not articulate any legal claim for relief under those rules. Whether Pallets 4 Less, Inc. is an "enterprise" as defined by 29 U.S.C. 203(s)(1)(A)(ii), and whether Plaintiffs were employees "engaged in commerce" are not issues related to subject matter jurisdiction. They are elements of Plaintiffs' claims that they must ultimately prove at trial. In fact, the only case cited by Defendants in support of their motion supports this proposition. And, perhaps most importantly, the business in which Defendants are engaged – selling pallets – has been found by at least one court of appeals to be one that directly invokes individual FLSA employee coverage.

Defendants' motion does not allege that Plaintiffs' pleadings are defective, or that Defendants have not been put on notice of the claims alleged. Instead, Defendants' motion is, at best, a motion for partial summary judgment on one element of Plaintiffs' claims. While Defendants have introduced some extraneous materials to support their argument, it is not yet appropriate for the Court to adjudicate this issue until after Plaintiffs have had the opportunity to conduct discovery that would allow them to meaningfully respond to a summary judgment motion.

## II. LEGAL STANDARD

Motions to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), are reviewed by "assuming for purposes of the motion that the allegations in the complaint are true." *United Phosphorous, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Under Rule 12(b)(6), a motion to dismiss "challenges the sufficiency of the complaint, not its merits." *Butler v. Chi. Transit Auth.*, No. 13 C 5276, 2014 WL 3939654, at *2 (N.D. Ill. August 12, 2014). "To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible." *Id.*, citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2007).

While a party may introduce extrinsic evidence to support a motion to dismiss, a court may then treat the motion as a motion for summary judgment. Fed. R. Civ. P. R. 12(d); *See also R.J. Corman Derailment Servs., LLC v. International Union of Operating Eng'rs, Local 150*, 335 F.3d 643, 647 (7th Cir. 2003). Should that occur, the responding party "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. R. 12(d).

III.     ARGUMENT

    A. Defendants' Motion to Dismiss Should Be Denied

In moving to dismiss Plaintiffs' Complaint under Rules 12(b)(6) and 12(b)(1), Defendants have made no assertions that Plaintiffs' pleadings are defective or that they were not otherwise put on notice of the claims set forth against them. Instead, Defendants allege that, because there is no "*interstate* nexus for either the putative employer and employee," this Court lacks subject matter jurisdiction over Plaintiffs' claims. Def. Mtn. at 2 (Dkt. No. 22). Defendants are wrong. First, assuming all of the allegations in Plaintiff's complaint to be true, there is no basis for this Court to dismiss pursuant to 12(b)(6) or 12(b)(1). Further, FLSA coverage is not a jurisdictional matter, at all.

The only legal support offered by Defendants in their motion to dismiss actually explains why Defendants are not entitled to relief under Rule 12(b)(1), or, at this stage of the litigation, under Rule 56.[1] *See Komorowski v. Townline Mini-Mart Restaurant*, 162 F. 3d 962 (7th Cir. 1998); Def. Mtn. at 2 n. 2. In *Komorowski*, the Court applied a Rule 56 standard to determine that the defendant failed to meet the statutory definition of "employer," as that term is defined by Title VII of the Civil Rights Act. *Komorowski*, 162 F.3d at 965. In that case, the plaintiff filed responses to the defendant's proposed findings of fact and conclusions of law, and styled its response to the motion as a "Brief in Opposition to Defendant's Motion for Summary Judgment." *Id.* The court made it otherwise clear, however, that "the district court does not lack subject matter jurisdiction in cases where the defendant fails to meet the statutory definition of 'employer.'" *Id.* at 964. The court noted that "a plaintiff's failure to establish that a defendant is

---

[1] Defendants' motion does not articulate any basis for relief under Fed. R. Civ. P. 12(b)(6). Defendants have not alleged that Plaintiffs have failed to allege facts that would plausibly entitle them to a claim for relief.

3

an 'employer' does not divest the federal courts of the power to hear the plaintiff's case." *Id.*, quoting *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 438 n.1 (7th Cir. 1996).

The Seventh Circuit elaborated on this premise, applying it to the Fair Labor Standards Act, in the matter of *Sapperstein v. Hager*:

> We have held that failure to meet the statutory definition of an employer in a Title VII or ADEA context is not a defect of subject matter jurisdiction but an ordinary failure to meet a statutory requirement. *See Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1998) (citing cases). This case involves a different statute, but the question arises whether that makes it distinguishable. The issue was not argued here, and it would make no difference to the outcome and little difference in the reasoning if we said that defendants' motion might have been treated instead as a motion for summary judgment. *See id.* at 964-965. We therefore defer deciding whether *Komorowski* applies to the FLSA until the issue is briefed in a case where it arguably matters, and we follow the district court in treating this case as concerning subject matter jurisdiction.

188 F.3d 852, 855 n.1 (7th Cir. 1999) (the Seventh Circuit then reversed the district court's dismissal of the plaintiff's claims). Other courts have likewise treated enterprise coverage as a statutory requirement, not a jurisdictional threshold. *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007); *Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials,* 955 F. Supp. 2d 50, 53-54 (D.D.C. 2013) ("the Court must treat enterprise coverage as a substantive ingredient of the plaintiff's claim rather than a jurisdictional prerequisite to her ability to bring this action."); *Rivera v. Heights Landscaping*, 2004 U.S. Dist. LEXIS 3746 at *5 (applying *Sapperstein* to an FLSA case and denying the defendant's motion to dismiss).

### B. Plaintiffs Require Discovery on Whether Individual Coverage or Enterprise Coverage Exists

In support of their motion, Defendants attach two affidavits, alleging that in 2013, the company grossed less than $500,000.00, and alleging that the company has no ties whatsoever outside the state of Illinois. Plaintiffs are entitled to test these allegations through discovery to

4

determine whether enterprise coverage or individual coverage actually exists.[2]  Defendants have produced no other evidence other than these two affidavits.  The *Sapperstein* court noted that it would be unreasonable, "in the context of a motion to dismiss, to credit an affidavit from the defendants' manager as to the amount of gross sales when the plaintiff had no real opportunity to contest the allegation." *Sapperstein,* 188 F.3d at 856.  Plaintiffs are entitled to discovery on whether Defendants are a covered entity, or whether Plaintiffs are otherwise covered on an individual basis.

The FLSA's coverage may be invoked in one of two ways. The first (and most common way) is defined as "enterprise coverage," and includes employers "(i) having employees engaged in commerce or the production of goods for commerce, or has employees handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose gross annual volume of sales is not less than $500,000." 29 U.S.C. §203(s)(1)(A).  However, individuals who are not employed by a covered enterprise may still be covered under the FLSA, using the second way:  individual coverage.

Employees are still covered by the FLSA if they are individually engaged in interstate commerce or in the production of goods used in the stream of commerce.  Individual coverage exists if the employee is "engaged in commerce or the production of goods for commerce" and depends upon the nature of the employee's work activity and not the business or industry of the employer. 29 U.S.C. §§ 206(a), 207(a); *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959).

Defendants argue that they are in the business of providing and selling pallets, and that their business is only local – that they "sell to customers only in the local, Chicago area and only

---

[2] Concurrent with the filing of this response, Plaintiffs will propound supplemental discovery on Defendants relating specifically to the coverage issue in this matter.

in the state of Illinois." Def Mtn. at 4. The Eighth Circuit, in a case virtually identical to this one, found that a company engaged in the repair and sale of pallets to only local businesses was engaged in commerce, such that individual coverage applied to its employees. *Reich v. Stewart*, 121 F.3d 400, 404-405 (8th Cir. 1997). The court found this despite the fact that the defendants alleged that they were engaged in "only local activities; specifically, [defendant's] pallets were repaired in Lincoln, Nebraska, with materials purchased in Lincoln, and were returned to businesses in Lincoln." *Id.* at 404. The court recognized that the pallets repaired by the defendant were then used to ship goods that moved in commerce. *Id.* The court found that the defendant's "annual dollar volume [was] irrelevant, as the pallets produced by the plaintiffs were introduced into the stream of commerce after leaving the defendant's facility. *Id.*

On the basis of the facts alleged by Defendants in their motion to dismiss, it is certainly plausible that Plaintiffs could develop a set of facts that mirror those of *Reich v. Stewart*.

Plaintiffs are entitled to discovery to determine whether individual coverage ultimately applies to their work activities, as well as discovery relating to Defendants' statements that they did not earn $500,000 per year in revenue. If Defendants products were used in interstate commerce after leaving Defendants' place of business, then the $500,000 threshold for enterprise coverage is moot.

The allegations made by Plaintiffs in their Complaint are sufficient to put Defendants on notice of their claims, and whether Defendant Pallets 4 Less, Inc. is an "enterprise," or whether Plaintiffs' work activities were sufficient to invoke individual coverage, cannot be resolved by way of a 12(b)(1) or a 12(b)(6) motion. The parties are engaged in discovery relating to these issues, and Defendants are free to re-raise these issues by way of a Rule 56 motion, or in response to a Rule 56 motion brought by Plaintiffs, at the close of discovery.

6

## IV. CONCLUSION

For the reasons explained herein, Plaintiff moves that this Court deny Defendants' Motion to Dismiss and that this Court order Defendants to submit an Answer to Plaintiff's Complaint.

                                        Respectfully submitted,

                                        s/ David E. Stevens_____
                                        David E. Stevens
                                        **CONSUMER LAW GROUP, LLC**
                                        6232 N. Pulaski, Suite 200
                                        Chicago, IL 60646
                                        (312) 624-8958
                                        One of Plaintiff's Attorneys