**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE LUIS TORRES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 14 CV 4219 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| PALLETS 4 LESS, INC., and ) | |
| ALFREDO ALVARADO, individually, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiffs Jose Luis Torres ("Jose") and Yovani Torres ("Yovani"), two general laborers employed by Defendants Pallets 4 Less, Inc. ("Pallets") and Alfredo Alvarado ("Alvarado") the owner of Pallets,[1] claim that they and other employees were not paid properly for the time they worked. They filed suit alleging violations of the minimum and overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a)(1) and 207(a)(1), and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/4(a)(1) and 105/4a(1), as well as a violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/4. Defendants filed a motion to dismiss Plaintiffs' FLSA causes of action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiffs failed to meet the statutory requirements of the FLSA, thus depriving the Court of subject matter jurisdiction, and requesting that the Court decline to exercise supplemental jurisdiction over the remaining state

---

[1] The Complaint alleges that Alvarado "is the owner of Next Construction, Inc." Doc. 1 ¶ 12. The Court assumes that the reference to Next Construction, Inc. was in error and that Plaintiffs intended to allege that Alvarado is the owner of Pallets.

law claims.[2]  Because the Court finds that Defendants' challenges to the statutory requirements for either individual or enterprise-based coverage under the FLSA are not jurisdictional as well that Plaintiffs have adequately pleaded an FLSA claim, Defendants' motion [22] is denied.

## BACKGROUND[3]

Yovani began working for Pallets on May 1, 2013.  Jose began working for Pallets on July 12, 2013.  Both work as general laborers, handling goods that move in interstate commerce.  Plaintiffs work six days a week, and approximately sixty-two hours per week, as directed by Defendants.  Defendants do not keep proper records of Plaintiffs' hours, and pay Plaintiffs by personal check.  Plaintiffs' wages are not determined by the number of jobs performed or completed, nor are they determined by the quality or efficiency of their performance.  During the course of their employment, Defendants have failed to pay Plaintiffs the prevailing minimum wage for their hours worked.  Defendants have also failed to pay Plaintiffs the appropriate overtime rate for hours worked in excess of forty in an individual week.   In addition, Defendants have failed to pay Plaintiffs the parties' previously agreed upon rate.

## LEGAL STANDARD[4]

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  To survive

---

[2] The Court set December 2, 2014 as the date by which Defendants were to file their reply in support of their motion to dismiss.  Defendants failed, however, to file either a reply brief or a motion for extension of time by which to do so.

[3] The facts in the background section are taken from Plaintiffs' complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

[4] As will be explained below, the Court finds that Defendants' motion is made pursuant to Rule 12(b)(6).

2

a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

As relevant here, the FLSA imposes minimum hourly and overtime wages for employees who are "engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); id. § 207(a)(1). In order to properly plead an FLSA claim, a plaintiff must plead either that she is an employee who is engaged in commerce (individual-based coverage) or that her employer is an enterprise engaged in commerce (enterprise-based coverage). *See Rivera v. Heights Landscaping, Inc.*, No. 03 C 6428, 2004 WL 434214, at *1 (N.D. Ill. March 5, 2004). An employee is individually covered by the FLSA if her "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515, at *3 (N.D. Ill. Aug. 11, 2010) (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429, 75 S.Ct. 860, 99 L.Ed. 1196 (1955)). An employer is an enterprise covered by the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or [ ] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) its "annual gross volumes of sales made or business done is not less than $500,000." 29

3

U.S.C. § 203(s)(1)(A)(i-ii); *Rivera*, 2004 WL 434214, at *1. "If enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce." *Rivera*, 2004 WL 434214, at *1.

Defendants argue that Plaintiffs' FLSA claims must be dismissed because Plaintiffs cannot satisfy the statutory requirements for either individual or enterprise-based coverage. Specifically, Defendants assert that Pallets did not gross $500,000 for the year 2013, and neither Pallets, nor its employees, engage in interstate commerce. In support of their motion, Defendants attach declarations from Alvarado and Norma Perez, Pallets' bookkeeper. Both declarations state that Pallets did less than $500,000 in business in 2013, as evidenced by Pallets' 2013 tax return.[5] In addition, both declarations state that Pallets does business solely within the state of Illinois. Plaintiffs argue in opposition that Defendants' defenses are statutory, as opposed to jurisdictional, and that they are entitled to discovery to determine whether they can establish individual or enterprise-based FLSA coverage.

The Seventh Circuit has not addressed whether statutory defenses in the FLSA context are jurisdictional under Rule 12(b)(1) or substantive under Rule 12(b)(6). *Saperstein v. Hager*, 188 F.3d 852, 855 n.1 (7th Cir. 1999) (declining to decide whether to extend to the FLSA context its prior holdings that a failure to meet a statutory requirement in the Title VII and ADEA context was not a jurisdictional failure). However, courts within this jurisdiction have held that such an attack is one on the merits of a claim, rather than on the court's subject matter jurisdiction. *Rivas v. Marcelo Hand Car Wash, Inc.*, No. 10 C 1396, 2010 WL 4386858, at *1 (N.D. Ill. Oct. 28, 2010) (relying on *Rivera* for finding that statutory defenses to an FLSA claim go to merits of the claim, rather than to jurisdiction); *Rivera*, 2004 WL 434214, at *1 ("Whether plaintiffs fall within the protection of the FLSA is an issue regarding the merits of their claims,

---
[5] Defendants did not attach Pallets' 2013 tax return to their motion.

4

not the court's jurisdiction."). The Court agrees and finds, therefore, that Defendants' motion is made pursuant to Rule 12(b)(6).[6]

Under Rule 12(b)(6), the Court cannot consider extrinsic documents without converting the motion to dismiss into one for summary judgment unless the extrinsic documents are referenced in the complaint and are central to the plaintiff's claims, or the documents are of the type of which the Court may take judicial notice. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). The declarations appended to Defendants' motion are neither referenced in Plaintiffs' Complaint, nor are they central to Plaintiffs' claims. Additionally, Defendants' declarations are not the sort of documents of which the Court may take judicial notice. Defendants do not contend otherwise. Thus, in analyzing Defendants' motion to dismiss, the Court will disregard Defendants' declarations and limit its review to the pleadings.[7]

Turning to Plaintiffs' complaint, Plaintiffs allege that they "handled goods that moved or that were intended to move in interstate commerce." Doc. 1 ¶ 8. Plaintiffs also allege that Pallets "is an 'enterprise' as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)." *Id.* ¶ 9. Accepting these allegations as true, and drawing all reasonable inferences in favor of the Plaintiffs, as the Court must in considering

---

[6] Even if the Court had decided that Defendants' motion was made pursuant to Rule 12(b)(1), the Court, nevertheless, would have denied the motion. While the Court would have been permitted to consider the declarations attached to Defendants' motion to dismiss, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009) (where defendant denies the truth of the jurisdictional allegations, court may look beyond the pleadings), the declarations alone would have been insufficient to allow the Court to conclude that Plaintiffs cannot meet the statutory requirements of the FLSA. *Saperstein*, 188 F.3d at 856 (it was unreasonable for the District Court "in the context of a motion to dismiss, to credit an affidavit from the defendants' manager as to the amount of gross sales when the plaintiff had no real opportunity to contest the allegation").

[7] Defendants do not ask in the alternative for the Court to consider their motion as one for summary judgment under Rule 56. While the Court could convert Defendants' motion to dismiss into a motion for summary without their express request, it declines to do so in this instance.

5

a motion to dismiss, the Court finds that Plaintiffs have sufficiently pleaded both individual and enterprise-based coverage under the FLSA. *Panaras v. Liquid Carbonic Indust. Corp.,* 74 F.3d 786, 791 (7th Cir. 1996) (internal citations omitted) (complaints should be read liberally and "accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations.") Whether Plaintiffs will be able to establish individual or enterprise-based coverage under the FLSA is a question more appropriately left for a Rule 56 motion after the parties have had the benefit of discovery.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [22] is denied. Defendants are given until March 19, 2015 to answer the Complaint.

Dated: March 2, 2015

SARA L. ELLIS
United States District Judge